1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Angel Corral,

                    Plaintiff,

vs.

National Consumer Telecom & Utilities
Exchange, Inc., et al.,

                    Defendants.

**2:25-cv-00019-JCM-MDC**

**ORDER DENYING MOTION**

Pending before the Court is plaintiff's *Motion to Extend Time to Serve Defendants* ("Motion")
(ECF No. 6). For the reasons stated below, the Court DENIES the Motion without prejudice.

**DISCUSSION**

**I.   BACKGROUND**

This is a case arising under an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. §
1681. Plaintiff initiated this action on January 3, 2025. Summons were issued on January 6, 2025. A
*Notice of Intent to Dismiss Pursuant to Rule 4(m)* (ECF No. 5) on April 4, 2025. Plaintiff filed the
pending Motion, seeking an extension of time to serve defendants, on April 7, 2025.

**II.   LEGAL STANDARD**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served
within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed.
R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the
time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service
under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated
that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to
reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct.
1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after
the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an

1 extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324

2 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule

3 "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's

4 failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the

5 consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ.

6 P. 4(m), Advisory Committee Notes, 1993 Amendments.

7      Rule 6(b)(1)(B) provides that a party that files an extension motion after deadline to act must

8 show that she failed to act prior to the deadline "because of excusable neglect." *Id.*; *see also Williams v.*

9 *Cnty. of Los Angeles*, 2024 U.S. App. LEXIS 13767, at * 2 (9th Cir. 2024) ("Under Rule 4(m) a district

10 court…may discretionarily extend time for service upon a showing of excusable neglect.") (citing

11 *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

12 **III. ANALYSIS**

13     **A.  Good Cause**

14     Plaintiff failed to establish good cause. Generally, "good cause" is equated with diligence. See

15 Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires

16 more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.,* 820 F.2d 319, 320

17 (9th Cir. 1987). The motion contains no statements showing of diligence. Plaintiff has provided no

18 details as to what efforts were taken to serve defendants, how many attempts were made, or how service

19 was attempted.  Plaintiff does not provide a due diligence affidavit from any process server.  Instead,

20 plaintiff simply states failure to serve was due to a "clerical error" but does not articulate the nature of

21 the error or any other details.  Without this information and showing, the Court is unable to determine

22 whether plaintiff was diligent in her efforts to serve defendants or that good cause exists.

23     **B.  Excusable Neglect**

24     Foremost, plaintiff's motion was filed *after* the expiration of the 90-day deadline. Plaintiff also

25 failed to address whether her failure to timely file her motion was because of excusable neglect. Plaintiff

merely provides a conclusory statement that the failure to serve was due to "excusable neglect." More relevant, plaintiff does not show excusable neglect in failing to seek an extension to serve prior to the expiration for service. Plaintiff must make a sufficient showing explaining what constitutes the excusable neglect. Thus, the Court cannot determine whether there is excusable neglect to consider plaintiff's untimely motion.

**IV. CONCLUSION**

Plaintiff failed to establish that good cause exists to grant an extension. Plaintiff also failed to show that the failure to act was a result of excusable neglect. However, given the Ninth Circuit's liberal application of the provisions of Rule, the Court will give plaintiff another opportunity to establish good cause and excusable neglect.

ACCORDINGLY,

**IT IS ORDERED that:**

1. The *Motion to Extend Time to Serve Defendants* (ECF No. 6) is **DENIED WITHOUT PREJUDICE and with leave to refile**. Plaintiff shall file the amended motion by no later than **April 24, 2025.**

2. Failure to timely comply with this Order may result in a recommendation that this case be dismissed.

DATED this 10th day of April 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge