UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Angel Corral,<br><br>　　　　　　　Plaintiff(s),<br><br>vs.<br><br>National Consumer Telecom & Utilities Exchange, Inc., et al.,<br><br>　　　　　　　Defendant(s). | 2:25-cv-00019-JCM-MDC<br><br>ORDER GRANTING MOTION |

Pending before the Court is plaintiff's *Amended Motion to Extend Time* ("Motion") (ECF No. 8). For the reasons stated below, the Court GRANTS the Motion. Plaintiff's proofs of service (ECF Nos. 9, 10) are deemed timely.

**DISCUSSION**

**I. BACKGROUND**

This is a case arising under an alleged violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681. Plaintiff initiated this action on January 3, 2025. Summons were issued on January 6, 2025. A *Notice of Intent to Dismiss Pursuant to Rule 4(m)* (ECF No. 5) on April 4, 2025. Plaintiff filed a *Motion to Extend Time* (ECF No. 6), seeking an extension of time to serve defendants, on April 7, 2025. The Court denied the motion because plaintiff failed to show good cause and excusable neglect. *ECF No. 7.* The Court ordered plaintiff to file an amended motion by no later than April 24, 2025. *Id.* Pending before the Court is the *Amended Motion to Extend Time* (ECF No. 8) and Proofs of Service (ECF Nos. 9, 10).

**II. LEGAL STANDARD**

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service

under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the… [90]—day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that… [90]—day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). The Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed… [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." *See* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Rule 6(b)(1)(B) provides that a party that files an extension motion after deadline to act must show that he failed to act prior to the deadline "because of excusable neglect." *Id.*; *see also Williams v. Cnty. of Los Angeles*, 2024 U.S. App. LEXIS 13767, at * 2 (9th Cir. 2024) ("Under Rule 4(m) a district court…may discretionarily extend time for service upon a showing of excusable neglect.") (citing *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)).

**III. ANALYSIS**

   **A. Good Cause**

Over all, plaintiff established good cause. . Generally, "good cause" is equated with diligence. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.,* 820 F.2d 319, 320 (9th Cir. 1987). While plaintiff fails to demonstrate diligence in attempting to serve the complaint, plaintiff points out that plaintiff was diligent in obtaining the summons but was delayed in causing service due to hospitalization of a responsible staff. The Court finds that plaintiff has sufficiently shown good cause for the delay.

### B. Excusable Neglect

To determine whether excusable neglect has been established, the court looks to four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Lemoge,* 587 F.3d at 1198.

**Prejudice and Length of Delay.** The Court discusses the first two factors in tandem. Plaintiff briefly discussed this in her previous motion (ECF No. 6). There, plaintiff asserted that defendant would not be prejudiced because the "delay will not be so significant that defendant could not mount an effective defense once service." *ECF No. 6 at 3.* While there is a presumption of injury to defendants arises when plaintiffs unreasonably delay in prosecuting an action, s*ee Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976), the Court finds that the delay is not so great as to amount to unreasonably delay. Plaintiff received the *Notice of Intent to Dismiss under Rule 4(m)* on April 4, 2025. *ECF No. 5.* Plaintiff filed her first motion for extension of time on April 7, 2025. *ECF No. 6.* Although the Court denied the motion, it did so without prejudice and with leave to refile. *ECF No. 7.* Plaintiff refiled the motion on April 22, 2025. *ECF No. 8.* Plaintiff later filed proofs of service on April 30, 2025, and May 1, 2025. *See ECF Nos. 9, 10.* Thus, the Court finds that plaintiff did not unreasonably delay in seeking an extension of time after receiving the 4(m) Notice.

**Reason for Delay**. Plaintiff's reason for delay weighs in favor of finding excusable neglect. Here, plaintiff states that her counsel's office experienced unexpected staff shortages which required reassignment of duties and responsibilities. *ECF No. 8 at 4.* Plaintiff asserts that the responsibilities were assigned to another staff member who was being trained by an office manager. *Id.* Plaintiff states that this caused an oversight in which the 90-day deadline was not calendared. *Id.* "Recent Ninth Circuit case law holds a calendaring error, whether the result of carelessness, negligence or falling within the meaning of excusable neglect is sufficient to warrant an extension under the circumstances explained here." *Williams v. Experian Info. Sols., Inc.,* 2025 U.S. Dist. LEXIS 57150, at *1-2 (D. Nev. March 26,

2025) (citing *Pincay v. Andrews*, 389 F.3d 853, 858-60 (9th Cir. 2004)). Therefore, the Court finds plaintiff has sufficiently explained her failure to effect service and move for an extension.

**Whether Movant Acted in Good Faith.** Here, the Court does not find any evidence of bad faith.

**IV. CONCLUSION**

The Court finds plaintiff sufficiently established good cause and excusable neglect. Therefore, the Court will exercise its broad discretion to extend time for service and deem the service timely. *See Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 513 (9th Cir. 2001).

ACCORDINGLY,

**IT IS ORDERED that** the *Motion for Extension of Time* (ECF No. 8) is **GRANTED**. The April 30, 2025, and May 1, 2025, proofs of service (ECF Nos. 9, 10) are deemed timely *nunc pro tunc*.

DATED: May 2, 2025

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge